# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

MARQUJAN LEROY FRANKLIN

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30469

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

September 16, 2014         s/ Mona K. Majzoub
*Date*                     *Signature of Judge*

MONA K. Majzoub - United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

14-30469L USA V Marquan Leroy Franklin

This is a presumption case. Defendant is charged in a criminal complaint with Felon in Possession. The facts alleged are that on August 29, 2014 Defendant and others were observed by DPD officers to be standing in the middle of the street on Petoskey near Puritan in the city of Detroit. The officers stopped their scout car to investigate, and exited their vehicle. Defendant began to move away from the group, and Officer Hicks ordered him to stop. Defendant ran and gave chase and two officers pursued him on foot. Defendant was observed to remove a handgun from his right side waistband and toss it to the ground in the backyard of a home on Petoskey. He continued to flee but officers eventually caught up with him, retrieved the loaded gun that he had discarded in the yard, and Defendant was taken into custody.

Defendant is a 43 year old single male, with two children who live with their mother in El Paso, Texas. He resides with his mother and grandfather in the home that he grew up in, although he has had other residences in the pasts. Defendant completed a G.E.D. and has had some periods of employment as a manager at two fast food restaurants in the past, as well as having worked with a temporary placement agency.

None of the family member contacts given by Defendant were responsive to Pretrial Services' attempts to reach out to them. Therefore none of the personal information given by Defendant was confirmed.

What was confirmed is Defendant's long criminal history and his unabated contacts with law enforcement since his teenage years which have not proven to be a deterrent to continuing criminal behaviors. At age 17 Defendant was placed on 2 years probation for felony retail fraud, first degree. At age 23 he was arrested for Felony Larceny from a Person, which charges were dismissed . At age 28 Defendant was found guilty of Felony Controlled substance, Delivery/Manufacture (Cocaine, Heroin) and was sentenced to lifetime probation. At age 29 he pled guilty to Felony Attempt Controlled Substance, Delivery/Manufacture and was sentenced to 30 days in the Wayne County Jail. That same year, 2001, at age 30, Defendant was found guilty of Felony Controlled Substance and was sentenced to two years probation. At age 32 in 2004 Defendant was found guilty of Felony Home Invasion, 1st Degree and was sentenced to 2 to 20 years confinement and two years probation. It should be noted that Defendant's docket sheet from Wayne County Circuit Court reflects four (4) Failures to Appear for court ordered hearings: 9/24/2001, 9/18/2001, 4/9/2004 and 5/25/2004. In 2006 Defendant pled guilty to a marijuana charge, and two driving offenses and received jail time on all three convictions. Then in 2007 Defendant was charged in Detroit with Felony Controlled Substance, Delivery/Manufacture, Heroin, Cocaine, etc; the disposition of this case is not known. Three months later Defendant pled guilty to Felony Controlled Substance, Delivery/Manufacture (Cocaine, Heroin) and

received a prison sentence for 18 months to 20 years.  On October 16, 2010 Defendant was charged with Felony Home Invasion, 3rd Degree, and Felony Breaking and Entering, Illegal Entry, which case was dismissed without prejudice, presumably because the victim did not pursue charges.  In 2012 Defendant was charged in Detroit with Felony Obstructing Judiciary or Congress, and a warrant was requested.  On 6/12/2012 a Violation of Probation Warrant was signed after the Defendant 1) had contact with a victim; 2) drove on a suspended license; 3) failed to report as directed, and 4) entered a residence of the victim without permission.  There is an outstanding warrant dated 8/15/2014 charging Defendant with Failure to Appear.

Defendant seeks a bond with conditions, including but not limited to 3rd party custody to a family member and a tether.

Pretrial Services has interviewed Defendant and concludes that Defendant poses a risk of nonappearance because of his significant history of failing to appear, and that he has an active warrant for failing to appear.  Pretrial Services further concludes that Defendant poses a danger to the community based upon the nature of the facts underlying the instant offense, Defendant's long and continuing list of arrests and convictions, his history of violent behaviors, and his continuing history of engaging in criminal activity while under supervision.

This Court finds that a preponderance of the evidence establishes Defendant as a risk of nonappearance, especially when noting the numerous failures to appear in court that are comprise his criminal record, and an active warrant for same.  This Court also finds that there is clear and convincing evidence that Defendant poses a danger to the community, particularly noting the nature of the allegations pled in the instant offense (the Defendant was roaming the streets with a loaded gun in his waistband), along with his past criminal record, which is ongoing and unabated.

The presumption of detention was not sufficiently rebutted.  There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance in court. Therefore Detention is Ordered.